IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| TELECONFERENCE SYSTEMS, LLC,<br><br>Plaintiff,<br>v.<br>AT&T CORPORATION,<br>AT&T, INC.,<br>SBM ATLANTIA, INC.<br>and<br>FRITO-LAY NORTH AMERICA, INC.,<br>Defendants. | Case No. 6:10-cv-239<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Teleconference Systems, LLC, ("TS") files this Complaint against AT&T Corporation, AT&T, Inc., SBM Atlantia, Inc. and Frito-Lay North America, Inc. ("Defendants") for infringement of United States Patent No. 6,980,526 (hereinafter "the '526 Patent"). A copy of the '526 patent is attached as Exhibit A.

## JURISDICTION

1.  This is an action for patent infringement under title 35 of the United States Code. TS is seeking injunctive relief as well as damages.

2.  Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3.  Venue is proper under 28 U.S.C. §§ 1391(c) and 1400(b).

4.  TS is a Texas limited liability company.

5.  Defendant AT&T Corporation ("AT&T Corp.") is a New York corporation with its principal place of business located in Dallas, Texas. On information and belief, AT&T Corp.

1

has used and continues to use a system that infringes one or more claims of the '526 patent. AT&T Corp. has infringed and continues to infringe the '526 patent either directly or through the acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, *et seq.*

6. Defendant AT&T, Inc. ("AT&T, Inc.") is a Delaware corporation with its principal place of business located in Dallas, Texas. On information and belief, AT&T, Inc. has used and continues to use a system that infringes one or more claims of the '526 patent. AT&T, Inc. has infringed and continues to infringe the '526 patent either directly or through the acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, *et seq.*

7. Defendant SBM Atlantia, Inc. ("SBM") is a Delaware corporation with its principal place of business located in Houston, Texas. On information and belief, SBM has used and continues to use a system that infringes one or more claims of the '526 patent. SBM has infringed and continues to infringe the '526 patent either directly or through the acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, *et seq.*

8. Defendant Frito-Lay North America, Inc. ("Frito") is a Delaware corporation with its principal place of business located in Plano, Texas. On information and belief, Frito has used and continues to use a system that infringes one or more claims of the '526 patent. Frito has infringed and continues to infringe the '526 patent either directly or through the acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, *et seq.*

9. On information and belief, the systems, or components of the systems that are alleged herein to infringe were made, used, imported, offered for sale and/or sold in Texas, including, in some circumstances, in this District.

10. Defendants AT&T, Inc., and SBM Atlantia, Inc. were previously parties in a case pending in the Northern District of California but each moved to be dismissed based on alleged lack of personal jurisdiction. Subsequently, based on these motions, TS dismissed these defendants from the California action without prejudice.

11. This court has personal jurisdiction over defendants because the defendants have committed acts of infringement in this district; do business in this district; have systematic and continuous contacts in this district and/or have consented to jurisdiction here.

## COUNT I

### INFRINGEMENT OF U.S. PATENT 6,980,526

12. TS incorporates paragraphs 1 through 11 herein by reference.

13. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271 *et seq*.

14. TS is the exclusive licensee of the '526 patent with rights to enforce the '526 patent and sue infringers.

15. The '526 Patent, titled "Multiple Subscriber Videoconferencing System," is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

16. On information and belief, defendants AT&T Corp. and AT&T, Inc. ("collectively AT&T defendants") are jointly, directly and/or indirectly infringing at least one claim of the '526 patent in this judicial district and elsewhere in Texas and the United States by, among other things, using one or more methods or systems covered by one or more claims of the '526 patent, and/or making, using, offering for sale, selling and/or importing systems covered by the claims of the '526 patent via at least their multiple subscriber video conferencing systems.

17. On information and belief, defendant SBM has directly and/or indirectly infringed at least one claim of the '526 patent in this judicial district and elsewhere in Texas and the United States by, among other things, using one or more methods or systems covered by one or more of the claims of the '526 patent, and/or making, using, offering for sale, selling and/or importing systems covered by the claims of the '526 patent via at least its multiple subscriber video conferencing systems.

18. On information and belief, defendant Frito has directly and/or indirectly infringed at least one claim of the '526 patent in this judicial district and elsewhere in Texas and the United States by, among other things, using one or more methods or systems covered by one or more of the claims of the '526 patent, and/or making, using, offering for sale, selling and/or importing systems covered by the claims of the '526 patent via at least its multiple subscriber video conferencing systems.

19. Defendants have reaped significant revenue and cost savings from using TS's patented invention, including reduced travel expenses, and such infringement has increased defendants' productivity thereby increasing defendants' revenues and profit.

20. On information and belief AT&T defendants also make, use, sell, offer to sell or import systems or practice methods covered by the '526 patent to facilitate use of such systems to third parties.

21. Defendants herein are accused of directly infringing one or more claims of the '526 patent via their use of a multiple subscriber video conferencing system. While one or more components of the accused system may have been provided by Cisco Systems, Inc. ("Cisco"), and/or the AT&T defendants, Cisco and such AT&T defendants do not provide the entire system to each defendant.

22. TS is entitled to damages of at least a reasonable royalty for the use of TS's invention by defendants, including both cost savings and increased profits reaped by the defendants from their infringement as alleged herein.

23. Defendants' actions complained of herein will continue unless defendants are enjoined by this Court.

24. This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

25. TS has complied with 35 U.S.C. § 287.

26. Defendants' actions complained of herein are causing irreparable harm and monetary damage to TS and will continue to do so unless and until Defendants are enjoined and restrained by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Third Party Plaintiff, Teleconference Systems, LLC, asks the Court to:

A. Enter judgment for Plaintiff on this Complaint;

B. Enjoin Defendants, their agents, officers, servants, employees, attorneys and all persons in active concert or participation with Defendants who receive notice of the order from further infringement of United States Patent No. 6,980,526;

C. Award Plaintiff damages resulting from Defendants' infringement in accordance with 35 U.S.C. § 284;

D. Treble the damages in accordance with the provisions of 35 U.S.C. § 284;

E. Find the case to be exceptional under the provisions of 35 U.S.C. § 285;

F. Award Plaintiff reasonable attorney fees under 35 U.S.C. § 285;

G. Order the impounding and destruction of all Defendants' apparatuses that infringe the '526 Patent;

H. Award Plaintiff pre-judgment and post-judgment interest and costs; and

I. Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

## JURY DEMAND

Plaintiff, Teleconference Systems, LLC, demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: May 4, 2010.                    Respectfully submitted,

**THE SIMON LAW FIRM, P.C.**

/s/ Anthony G. Simon
Anthony G. Simon
Timothy E. Grochocinski
701 Market Street, Suite 1450
Saint Louis, Missouri 63101
P. 314.241.2929
F. 314.241.2029
asimon@simonlawpc.com
teg@simonlawpc.com

*ATTORNEYS FOR PLAINTIFF,
TELECONFERENCE SYSTEMS, LLC*